# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2136 | **DATE** | 12/3/2001 |
| **CASE TITLE** | Michelle Record and Michael Protho vs. Georgia Simmons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/3/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion by defendant [4-1] to dismiss complaint is denied. A status hearing is ordered for January 3, 2002 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | DEC 05 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | 11 |
| | Copy to judge/magistrate judge. | | | | |
| po/ea courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



MICHELLE RECORD and MICHAEL PROTHO )
)
          Plaintiffs, ) No. 01 C 2136
)
v. ) Judge Joan B. Gottschall
)
GEORGIA SIMMONS d/b/a SIMMONS )
APARTMENTS, )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Michelle Record and Michael Protho have filed a single-count complaint against Georgia Simmons, doing business as Simmons Apartments, alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. Plaintiffs claim that Simmons attempted to evict them on the basis of plaintiffs' familial status. Simmons now moves to dismiss the complaint. For the reasons set forth below, Simmons' motion is denied.

### Background

The following facts are taken from the complaint and are assumed to be true for the purposes of deciding this motion to dismiss. Plaintiffs signed an apartment lease with Simmons in September, 2000. The lease was for a term of one year at a rent of $675 per month. The lease included a provision that said, "Adults Only No Children." (Compl. ¶ 7.) Plaintiff Michael Protho shares custody of his children with his ex-wife, and pursuant to their custody arrangement, the children spend weekends with him. Plaintiffs allege that on or about February 28, 2001, Simmons served a 10-day notice of termination of the lease because Protho's children occupied the apartment in violation of the "Adults Only No Children" provision of the lease. (*Id.*

at ¶ 9.) Plaintiffs contend that Simmons' actions and the explicit no-children policy outlined in the lease are violations of the Fair Housing Act's prohibitions against discrimination on the basis of familial status.

## Analysis

Simmons moves to dismiss plaintiffs' complaint for a number of reasons. Simmons contends, among other things, that the complaint fails to properly describe the contents of the lease; that plaintiffs misrepresented themselves as having no children when they initially signed the lease; that Simmons has allowed children of other tenants to live in the building; that the purported lease term concerning "no children" (Compl. ¶ 7) was meant not to restrict plaintiffs' occupancy of their apartment but instead to indicate that only adults lived in the apartment; and that plaintiffs were evicted not because they had children, but because they did not pay their rent. Plaintiffs essentially respond that Simmons has failed to challenge the legal sufficiency of plaintiffs' allegations, and therefore her arguments are irrelevant on this motion to dismiss.

In order to make out a complaint of housing discrimination under the FHA, a plaintiff "need only plead the statutory elements of the [FHA]." *Scialabba v. Sierra Blanca Condo. Number One Assoc., et al.*, 2000 WL 1889664, *3 (N.D. Ill. Dec. 27, 2000) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997)). One court has stated that "bare allegation[s] of discriminat[ory] [acts prohibited by the FHA]" suffice on a motion to dismiss. *Jiang v. Allstate Ins. Corp.*, 199 F.R.D. 267, 271 (N.D. Ill. 2001). Another court has suggested that a complaint will easily survive a motion to dismiss when plaintiffs "allege that they are members of a class protected under the FHA, identify a policy [enacted by a defendant] that affects only members of that class, and set forth facts that demonstrate the enforcement of that

policy in the form of actions prohibited by the FHA." *Gilligan*, 108 F.3d at 248.

In the present case, at least four sections of the FHA appear to be implicated by the complaint: §§ 3604(a)-(c) and 3617. Section 3604 states:

> It shall be unlawful
>
> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(a)-(c).

Section 3617 states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.

It appears that plaintiffs have adequately pled violations of all of the above sections. While "bare allegations of discrimination" may suffice in pleading complaints under the FHA, *Jiang*, 199 F.R.D. at 271, plaintiffs appear to have done more, alleging "that they are members of a class protected under the FHA, identif[ying] a policy [enacted by defendant] that affects only

3

members of that class, and set[ting] forth facts that demonstrate the enforcement of that policy in the form of actions prohibited by the FHA." *Gilligan*, 108 F.3d at 248.

Plaintiffs have pled that they have attained familial status under the FHA. "'Familial status' means one or more individuals (who have not attained the age of 18 years) being domiciled with . . . a parent or another person having legal custody of such individual or individuals." 42 U.S.C. § 3602(k). The complaint states that "Protho's children are under the age of 18," (Compl. ¶ 17) and that these children live with their father on the weekends. Plaintiffs have also pled that Simmons has enacted a policy, specifically a no-children policy, that affects only members of plaintiffs' protected group, specifically families with children. A copy of what plaintiffs allege to be the lease (that they signed with Simmons) is attached to the complaint and is therefore a part of the complaint. *Int'l. Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir. 1999) ("Documents attached to the complaint are incorporated into it and become part of the pleading itself."). In it, the term "Adults Only No Children" is written in a section designated as "Additional Covenants and Agreements" to the lease. ("Unfurnished Apartment Lease," ("Lease") Att. to Compl. at 1.)

Finally, resolving all facts in favor of plaintiffs, they appear to have adequately described actions that purportedly enforced the above no-children policy and, in the process, violated the FHA. The court initially notes that the termination notice to which the complaint refers, and which is attached to the complaint, suggests two possible non-discriminatory reasons for Simmons' actions. One was an alleged "breach" of the terms of the lease. ("Notice of Termination of Tenancy for Chicago," ("Notice") Att. to Compl.) According to the notice, the breach consisted of "persons not on lease living in apartment (children)." (*Id.*) This alleged

4

infraction by plaintiffs presumably violated a portion of the lease that states that Simmons "will not allow the Premises . . . to be occupied in whole or in part by any other persons" than those listed on the lease, namely the plaintiffs. (Lease Att. to Compl. ¶ 5.) Therefore, it is possible that Simmons planned to evict plaintiffs not because of their familial status but because their children were not listed on the lease. The other possible non-discriminatory reason for an eviction was an alleged non-payment of rent. The notice states that plaintiffs had accrued $722.50 in past-due rent, and that if payment was not made within five days of service of the notice, plaintiffs' tenancy would be terminated. The complaint and attachments do not indicate whether the overdue rent was paid within the specified time.

Nevertheless, given the lease term "Adults Only No Children," which is susceptible to an interpretation suggesting a no-children policy (as opposed to an interpretation suggesting that Simmons, by using the term, was indicating that only adults lived in plaintiffs' apartment), and resolving all facts in favor of plaintiffs, it is possible that Simmons was planning to evict plaintiffs because of their familial status. Further, it is possible that the wording of the eviction notice (stating that plaintiffs breached the lease) was meant to cover up Simmons' true intentions. If so, Simmons' actions would violate, among other FHA sections, § 3604(a), which states that it is unlawful to "make unavailable or deny" housing based on familial status; § 3604(b), which states that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling" based on familial status; and § 3617, which states that it shall be unlawful to "interfere with any person in the exercise or enjoyment of, . . . , any right granted or protected by section . . . 3604 . . . of this title." Furthermore, the "Adults Only No Children" lease term would be problematic by itself. The term would appear to

5

violate § 3604(c), which states that it is unlawful to "make, print, or publish . . . any . . . statement . . . with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . familial status."

Simmons argues that plaintiffs' complaint is flawed because it references a lease that is not the real lease but is instead a "corrected version of the lease." (Def. Mtn. to Dismiss at ¶ 1A.) The real lease, Simmons argues, is a lease attached to her motion as Exhibit 2. Exhibit 2, Simmons explains, shows that the lease did not include the term "Adults Only No Children;" rather, it contained the sentence, "[T]he couple doesn't have children, apt to [sic] occupied by adults[.]" (Exh. 2 to Def. Mtn. to Dismiss.)

Before addressing the substance of defendant's argument, it is important to address a concern that plaintiffs have raised regarding Exhibit 2 and other documents attached to Simmons' briefs. Plaintiffs assert that the court cannot consider these documents without converting Simmons' motion to dismiss to one for summary judgment because these documents are not attached to the complaint. Plaintiffs, however, are partly mistaken. Because the lease is central to plaintiffs' complaint, the court may consider the lease attached to Simmons' motion (that is, Exhibit 2) without converting her motion to one for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 455 (7th Cir. 1998) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."). Plaintiffs are correct that the court may not review the other documents on a motion to dismiss.

Returning to Simmons' argument, it is true that Exhibit 2 fails to contain the term "Adults Only No Children"; however, the complaint need not be dismissed because of this fact. First, the

6

court is at a loss to understand why the "corrected" version of the lease, which Simmons contends is the one attached to the complaint, is not controlling in this matter. (Def. Mtn. ¶ 1A.) Second, a motion to dismiss is not the proper occasion to determine which lease is the true lease. Only after more evidence is gathered can the court gain a fuller understanding of what has transpired contractually.

Simmons also argues that plaintiffs failed to disclose their familial status on a credit report. Simmons appears to be raising this argument in order to buttress her claim that plaintiffs were given a notice of eviction because they breached the lease. In other words, the fact that plaintiffs may not have disclosed the existence of their children on the credit report may lend credibility to Simmons' argument that the children were not listed on the lease, and that there was no understanding to that effect. Therefore, Simmons would appear to argue, she justifiably gave a notice of eviction once she discovered the additional people in plaintiffs' apartment. This argument, supported by the requisite evidence, may ultimately prevail, but only if plaintiffs fail to show that Simmons' articulated non-discriminatory reason is a pretext for discrimination. On this motion to dismiss, however, the court will not prejudge whether plaintiffs may be able to demonstrate such pretext.

Simmons additionally argues that plaintiffs were given a notice of eviction because of their nonpayment of rent, not because of their familial status. This argument, like the one regarding the breach of the lease, may establish a legitimate non-discriminatory reason for giving plaintiffs a notice of eviction. As with the other argument, however, the court cannot dismiss plaintiffs' case without giving them a chance to demonstrate that the reason is pretextual. Simmons further argues that she has allowed the children of other tenants to live in her building.

Even if Simmons' assertion is credited, however, she may still be held to violate the FHA if she, as plaintiffs allege, discriminated against plaintiffs based on their familial status.

Simmons' motion to dismiss is denied.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: December 3, 2001